# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELAUN V. DEADMON,<br><br>      Plaintiff,<br><br>   v.<br><br>JEFFERY WANG, et al.,<br><br>      Defendants. | Case No.  1:14-cv-00316-LJO-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY-DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on March 6, 2014 pursuant to 42 U.S.C. § 1983.

The Complaint is before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

1

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

**III.    THE COMPLAINT**

Plaintiff names as Defendants (1) Wang, M.D., Corcoran State Prison ("CSP") Chief Medical Executive, (2) Macias, former CSP Chief Executive Officer, (3) Obaiza, CSP Chief Executive Officer, (4) McCabe, CSP Physician, (5) Yu, CSP Physician, (6) Aye, CSP Physician, (7) Beregovskaya, CSP Physician, (8) Rouch, CSP Nurse Practitioner, (9) Lopez, CSP Registered Nurse, (10) Epstein, CSP Correctional Officer, and (11) Gil, CSP Correctional Officer.

Plaintiff's allegations can be summarized essentially as follows:

Plaintiff requested treatment at the CSP clinic for chronic hiccups for which he induced vomiting when breathing became difficult. He was given antacid and told by Defendant Nurse Lopez that there was nothing she could do for hiccups.

He had a follow-up visit with Defendant Dr. Yu, who found no symptoms of distress and told him to put in a medical service request if his hiccups persisted.

Plaintiff returned to the clinic and presented the same complaints many times over the ensuing months. Dr. Yu requested referral for a GI specialist but the request was denied by the Chief Medical Officer as not meeting InterQual criteria. Plaintiff was given different medications for the hiccups and a chest x-ray by Defendant Dr. Beregovskaya. Defendant Dr. Aye told him the hiccups were benign. Dr. Yu told him there were no acute findings relating to the hiccups.

Plaintiff's self-induced vomiting eventually resulted in his vomiting blood. He was hospitalized where he was given a GI consultation, gastric endoscopy and a CT scan of his neck, each of which was normal.

Plaintiff suffered two incidents of respiratory distress or failure in the presence of Defendant Correctional Officers Epstein and Gil. Defendant Gil had to Heimlich Plaintiff

3

1   to restore normal breathing. Neither Epstein nor Gil filed incident reports.

2       Plaintiff filed a prison medical appeal seeking appropriate treatment for his

3   hiccups, vomiting and breathing difficulties. The appeal was partially granted (for

4   medication) at the first level by Defendant McCabe, partially granted (for GI test) at the

5   second level by Defendants Obaiza, Wang and Macias, and denied by nonparty CDCR

6   Appeals Chief Zamora at the third level.

7

8       In this action Plaintiff seeks (1) monetary damages, (2) a declaration his rights

9   have been violated, and (3) an affirmative injunction directing that he receive

10  appropriate care.

11  **IV.    DISCUSSION**

12      **A.    Medical Indifference**

13

14      "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

15  an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*,

16  439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106

17  (1976). This requires the plaintiff to show (1) "a serious medical need by demonstrating

18  that failure to treat a prisoner's condition could result in further significant injury or the

19  unnecessary and wanton infliction of pain," and (2) "the defendant's response to the

20  need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*,

21  974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v.*

22  *Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

23

24      1.    Serious Medical Need

25      Plaintiff claims difficulty breathing, including episodes in which he stopped

26  breathing altogether, and chronic vomiting, at times vomiting blood. He demonstrates a

27  serious need for medical treatment. See *Jett*, 439 F.3d at 1096 (a "serious medical

28

need" may be shown by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain); *McGuckin*, 974 F.2d at 1059–60 (the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment).

These allegations, taken as true for purposes of screening, suggest significant distress which necessitated ongoing treatment, prescription medication and hospitalization.

2.     Indifferent Response

However, Plaintiff's Complaint does not include facts suggesting Defendants knowingly denied, delayed, or interfered with medically necessary care or knowingly provided unacceptable medical care. *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004). Although Plaintiff complains that Defendants did not treat his medical needs, his allegations reflect that during the four months following his initial medical services request, he was seen in the CSP clinic not less than nineteen times. During this period he was provided medications and x-rays. He was sent for outside specialty GI treatment when he vomited blood. Granted Plaintiff thinks he needed, and he wanted, additional and different treatment. However, his mere dissatisfaction and disagreement with treatment decisions, without more, is not a basis for an inadequate medical care claim unless the treatment chosen was medically unacceptable and in conscious disregard of an excessive risk to his health. See F*ranklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Nothing here suggests

1   Defendants intentionally provided medically unacceptable care or acted maliciously. So

2   long as the treatment provided was adequate, Plaintiff's preference for different

3   treatment does not give rise to a civil rights violation. *Evan v. Manos*, 336 F.Supp.2d

4   255, 261 (W.D.N.Y. 2004); see also *Veloz v. New York*, 339 F.Supp.2d 505, 521

5   (S.D.N.Y. 2004), citing *Hathaway v. Coughlin*, 37 F.3d 63, 69 (2d Cir. 1994) ("To

6   establish deliberate indifference, plaintiff must demonstrate that the defendants actually

7   wished him harm, or at least, were totally unconcerned with his welfare.").

8

9       Plaintiff makes no showing that Defendants acted maliciously or with a conscious

10  disregard of a serious risk he might be harmed by their action or inaction. Rather it

11  appears Defendants provided care consistent with their medical judgment  .

12      Plaintiff suggests that there was actionable delay in referring him to a GI

13  specialist. However, it appears there was just a difference of opinion as to whether

14  Plaintiff needed such a referral prior to the time he was vomiting blood. In any event,

15  there is no indication Plaintiff suffered any substantial harm from the delay in referral.

16  *Wood v. Housewright*, 900 F.2d 1 332, 1335 (9th Cir. 1990). Plaintiff's GI consultation

17  came back negative. See *McGuckin*, 974 F.2d at 1060, citing *Shapely v. Nevada Bd. of*

18  *State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (any alleged delay in receiving

19  medical treatment must have led to further harm in order for the prisoner to make a

20  claim of deliberate indifference to serious medical needs). It does not appear that

21  Plaintiff's symptoms increased as a result of lack of treatment, or caused or placed him

22  at risk for any further harm.

23

24      Finally it is noted that mere negligence, i.e., failure to properly treat Plaintiff in

25  accordance with the medical standard of care, would not give rise to a federal civil rights

26  violation. See *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing

27

28

*Estelle*, 429 U.S. at 105–06 (1976) (mere indifference, negligence, or medical malpractice will not support this cause of action).

Plaintiff will be given an opportunity to amend his Complaint. If Plaintiff chooses to amend, he must allege facts demonstrating that Defendants knowingly denied, delayed, or interfered with treatment of a serious medical need, or knowingly provided medically unacceptable care, in conscious disregard of an excessive risk to Plaintiff's health and resulting in harm to Plaintiff.

**B.    Medical Incident Report**

Plaintiff maintains that Defendant Correctional Officers Epstein and Gil failed to file incident reports that would have documented alleged episodes of respiratory distress. However, Plaintiff has no independent right to accurate prison medical records. *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987).

Plaintiff may not assert a constitutional violation based solely on a claim Defendants failed to file incident reports.

**C.    Health Care Appeal**

Plaintiff claims his health care appeal was improperly denied.

Prison staff actions in responding to a prisoner grievance alone cannot give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff may not assert a constitutional violation based solely on a claim

7

Defendants improperly handled and disposed of his health care grievance.

### D.    State Law Medical Negligence

Plaintiff claims care provided by Defendants was medically negligent.

"To establish a medical malpractice claim, the plaintiff must allege: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach-proximate or legal cause; and (4) damage to plaintiff." *Rightley v. Alexander*, 1995 WL 437710 at *3 (N.D. Cal. July 13, 1995), citing *Hoyem v. Manhattan Beach School Dist.*, 22 Cal.3d 508, 514 (Cal. 1978); 6 B.E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988).

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he alleges facts demonstrating presentation of a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209 (Cal. 2007); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.

For the reasons stated above, the Complaint does not include facts showing Defendants fell below a professional standard of care and thereby caused Plaintiff harm.

Plaintiff does not allege compliance with CTCA claim filing requirements. Failure

to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. *State of California v. Superior Court (Bodde),* 32 Cal.4th 1234, 1240 (2004).

Additionally, the Court will not exercise supplemental jurisdiction over a state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001); see also *Gini v. Las Vegas Metropolitan Police Dep't,* 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing v. National Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir. 1989).

If Plaintiff chooses to amend, he must allege facts showing Defendants' state law negligence under the above standards within the Court's supplemental jurisdiction.

### E.   Injunctive Relief

Plaintiff seeks an order directing he receive appropriate medical care.

Plaintiff may not seek injunctive relief where there is no underlying federal claim. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show a "case or controversy" and "real and immediate" threat of injury). His disagreement with Defendants' treatment does not alone suggest a present and immediate threat of irreparable harm. *Id.*

Plaintiff's Complaint does not state any cognizable claim against Defendants for the reasons stated. Injunctive relief is moot.

### F.   Declaratory Relief

In addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his

9

separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, this action properly proceeds as one for damages and injunctive relief only.

**V.    CONCLUSIONS AND ORDER**

The Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint that cures noted deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did or did not do that led to the deprivation of his constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed March 6, 2014,

2.    The Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,

3.    Plaintiff shall file a signed amended complaint within thirty (30) days from service of this Order, and

4.      If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v, Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   October 30, 2014           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE