UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELAUN V. DEADMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFERY WANG, et al.,<br><br>　　　　　Defendants. | Case No.  1:14-cv-00316-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 10)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed on March 6, 2014 pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's complaint (ECF No. 1) and dismissed it for failure to state a claim, but gave leave to amend (ECF No. 9). Plaintiff's First Amended Complaint (ECF No. 10) is now before the Court for screening.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true,

2

legal conclusions are not. *Id.* at 667-68.

**III.   PLAINTIFF'S ALLEGATIONS**

Plaintiff names as Defendants (1) Wang, M.D., Corcoran State Prison ("CSP") Chief Medical Executive, (2) Macias, former CSP Chief Executive Officer, (3) Obaiza, CSP Chief Executive Officer, (4) McCabe, CSP Physician, (5) Yu, CSP Physician, (6) Aye, CSP Physician, (7) Beregovskaya, CSP Physician, (8) Rouch, CSP Nurse Practitioner, (9) Lopez, CSP Registered Nurse, (10) Epstein, CSP Correctional Officer, and (11) Gil, CSP Correctional Officer.

Plaintiff's allegations can be summarized essentially as follows:

Plaintiff requested treatment at the CSP clinic for chronic hiccups for which he induced vomiting when breathing became difficult. He was given antacid and told by Defendant Nurse Lopez that there was nothing she could do for hiccups.

He had a follow-up visit with Defendant Dr. Yu, who found no symptoms of distress and told him to put in a medical service request if his hiccups persisted.

Plaintiff returned to the clinic and presented the same complaints many times over the ensuing months. Dr. Yu requested referral to a GI specialist, but the request was denied by the Chief Medical Officer as not meeting InterQual criteria. Plaintiff was given different hiccup medications and a chest x-ray by Defendant Dr. Beregovskaya. Defendant Dr. Aye told him the hiccups were benign. Dr. Yu told him there were no acute findings relating to the hiccups.

Plaintiff's self-induced vomiting eventually caused him to vomit blood. He was hospitalized and underwent a GI consultation, gastric endoscopy and a CT scan of his neck. All were interpreted as normal.

Plaintiff suffered two incidents of respiratory distress or failure in the presence of

3

Defendant Correctional Officers Epstein and Gil. Defendant Gil had to Heimlich Plaintiff to restore normal breathing. Neither Epstein nor Gil filed incident reports.

Plaintiff filed a prison medical appeal seeking appropriate treatment for his hiccups, vomiting and breathing difficulties. The appeal was partially granted (for medication) at the first level by Defendant McCabe, partially granted (for GI test) at the second level by Defendants Obaiza, Wang and Macias, and denied by nonparty CDCR Appeals Chief Zamora at the third level.

In this action Plaintiff seeks (1) monetary damages, (2) a declaration his rights have been violated, and (3) an affirmative injunction directing that he receive appropriate care.

## IV.   DISCUSSION

### A.   Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires the plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014)(citing Jett, 439 F.3d at 1096). Examples of a serious medical need include

4

"the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

A prison official shows deliberate indifference to such a need if he "knows of and disregards an excessive risk to inmate health." Peralta, 744 F.3d at 1082(citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). This "requires more than ordinary lack of due care." Colwell, 763 F.3d at 1066 (citing Farmer, 511 U.S. at 835).  Instead, the prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Colwell, 763 F.3d at 1066.  Prison officials may demonstrate deliberate indifference when they "deny, delay, or intentionally interfere with medical treatment," and prison doctors may be deliberately indifferent in their provision of care. Id.

Negligence, inadvertence, or differences of medical opinion between the prisoner and medical providers, however, do not amount to a constitutional violation. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008); cf. Colwell v. Bannister, 763 F.3d at 1068 (distinguishing plaintiff's uncorrected cataracts from "a case of ordinary medical mistake or negligence" and finding defendants deliberately indifferent).  Even a showing of medical malpractice or gross negligence is insufficient to establish a constitutional violation.  Simmons v. Navajo Cty., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Rather, "the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this

5

course in conscious disregard of an excessive risk to plaintiff's health.'" Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012)(*overruled on other grounds by* Peralta, 744 F.3d at 1083)(citations omitted).

### 1.     Serious Medical Need

As the Court stated in its first screening order (ECF No. 9), Plaintiff's chronic hiccups, difficulty breathing, and chronic vomiting demonstrate a serious need for medical treatment. See Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain).

### 2.     Deliberate Indifference

However, Plaintiff's Amended Complaint does not include facts suggesting Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health."  This Court dismissed Plaintiff's original complaint because it found that Plaintiff had been seen by medical staff at least 19 times, undergone X-rays and other diagnostic testing, and had spent time in an outside facility in the four months following his initial medical request. Such attention and treatment is inconsistent with Plaintiff's claims that Defendants ignored his health concerns.

Plaintiff now claims that notwithstanding that he ultimately received care, his symptoms were ignored for more than 25 days, and that when he went to the clinic on January 26, January 30, February 3, and February 7, 2012 he "was returned to his cell without help." (ECF No. 10, at 9).

As an initial matter, the records do not reflect any 25-day period in which Plaintiff

went untreated.[1] However, even if there had been such a delay, the facts Plaintiff has presented do not demonstrate a constitutional violation.

For delay in delivery of care to be actionable under § 1983, a medical provider must be "aware of the plaintiff's need for treatment" but fail "to ensure administration of the prescribed treatment." Wilhelm v. Rotman, 680 F.3d 1113, 1122-1123 (9th Cir. 2012)(unconstitutional delay existed where physician concluded surgery was necessary but failed to request the referral properly and inexplicably cancelled a second referral request). The delay must also cause the inmate harm, though the harm need not be substantial. See id., at 1122 (citing Jett, 439 F.3d at 1096); accord McGuckin, 974 F.3d at 1060. "[T]he fact that an individual sat idly by as another human being was seriously injured despite the defendant's ability to prevent the injury is a strong indicium of callousness and deliberate indifference to the prisoner." McGuckin, 974 F.3d at 1060.

Here, Plaintiff has not shown that any providers "failed to ensure administration of a prescribed treatment" or that they "sat idly by" despite being able to help during the four appointments between January 26 and February 7. In fact, despite the Court's request for additional facts demonstrating Defendants' alleged deliberate indifference (ECF No. 9, at 7), Plaintiff has not provided any details of these appointments at all. All Plaintiff has alleged is that he sought some kind of affirmative treatment for his symptoms and did not receive it; however, he has not set forth facts indicating that defendants consciously disregarded an excessive risk to his health.

The mere fact that defendants returned plaintiff to his cell "without help" is not, by

---

[1] On January 10, Plaintiff was prescribed an anti-nausea medication and on January 17, he was given an antacid. At two subsequent appointments, on January 20 and 23rd, Plaintiff's breathing was evaluated and determined not to show irregularity. Plaintiff apparently received no additional treatment from January 26 through February 7. On February 10, he was prescribed baclofen, which helped somewhat. The period from January 26 through February 10 is only 15 days.

7

itself, sufficient to establish deliberate indifference.  Unless a medical provider *knows* that failing to act poses a substantial risk of serious harm, his decision to "wait and see" is not unconstitutional, even where it proves ineffective.  See Fryman v. Traquina, No. CIV S-07-2636 2011 WL 475872, at *11 (E.D. Cal. Feb. 4, 2011)(decision to treat gynocomastia by observation and regular mammograms, rather than surgery, did not demonstrate deliberate indifference); Cole v. Carey, No. CIV S-06-0336 2009 WL 2611946, at *5-*6 (E.D. Cal. Aug. 24, 2009)(conservative treatment for Achilles tendon injury did not amount to deliberate indifference).  Here, as described above, Plaintiff has not pleaded any facts indicating knowingly risky or reckless conduct on the part of Defendants such as to make a delay in treatment unconstitutional.

Even if it were assumed for the sake of discussion that Defendants misapprehended the health risks facing Plaintiff, and that returning him to his cell without additional treatment reflected poor medical judgment or negligence, Defendants' conduct would still not be actionable. "Negligence in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Wilhelm, 680 F.3d at 1122(citing Estelle, 429 U.S. at 106).

Plaintiff fails to state a claim of medical indifference. Leave to amend this claim would be futile and should be denied.

**V. CONCLUSION AND RECOMMENDATION**

Plaintiff's first amended complaint fails to state any cognizable claim.  He was previously advised of pleading deficiencies and afforded the opportunity to correct them.  He failed to do so.  No useful purpose would be served by once again pointing out the deficiencies and giving another opportunity to correct them.  Further leave to amend appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 24, 2015            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE