UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELAUN V. DEADMON,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFERY WANG, et al.,<br><br>  Defendants. | Case No.  1:14-cv-00316-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 15)** |

## I.  PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On February 25, 2015 the Magistrate Judge issued Findings and Recommendations to dismiss Plaintiff's Amended Complaint with prejudice. (ECF No. 12.) No objections were filed before the fourteen-day deadline passed, and on March 19, 2015, the undersigned adopted the findings and recommendations in full. (ECF No. 13).

Later on March 19, 2015, Plaintiff filed objections to the findings and recommendation that his Amended Complaint be dismissed with prejudice. (ECF No. 15). The court construes the late-filed objections as a motion for reconsideration.

## II.  LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001)(quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## III.  ANALYSIS

In his Amended Complaint, Plaintiff alleged that his medical care for chronic hiccups, respiratory problems, and vomiting blood violated the Eighth Amendment.  The undersigned disagreed, finding that the treatment Plaintiff received for his conditions – including 19 appointments with medical staff, several diagnostic procedures, visits to outside facilities, and prescriptions for a number of medications – was "inconsistent with Plaintiff's claims that Defendants had ignored his health concerns."  (ECF No. 12, at 6; ECF No. 13.)

Plaintiff's objections provide no basis for granting a motion for reconsideration. He offers no legal or factual grounds for arguing error, points to no newly discovered

2

information, and does not suggest there was an intervening change in the controlling law which would compel the Court to reconsider its March 19 dismissal.  Instead, Plaintiff asks for further leave to amend based on his status as a *pro se* litigant. Plaintiff argues that he "cannot reasonably be expected to draft claims for relief absent errors." (ECF No. 15.) Though Plaintiff states his willingness to submit an amended complaint, he did not file one along with his objections.

      Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. Westlands Water Dist., 134 F.Supp.2d at 1131.  In recognition of Plaintiff's *pro se* status, the Court previously notified Plaintiff of the deficiencies in his claims and gave him leave to amend.  (ECF No. 9.) Thus, Plaintiff was not deprived of notice and an opportunity to amend.  Plaintiff's unsupported contention that he could meet the pleading standard if afforded one more opportunity to amend is not grounds for reconsideration.

**IV.   CONCLUSION**

  Plaintiff's arguments do not identify a basis for granting reconsideration. Accordingly, it is HEREBY ORDERED that:

1) Plaintiff's objections (ECF No. 15), which the Court construes as a motion for reconsideration, are DENIED; and

2) This case shall remain closed.

IT IS SO ORDERED.

    Dated:   **March 23, 2015**            **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE